IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TONY GEANS**                                                                     **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:19-CV-368-HTW-JCG**

**COMMISSIONER OF SOCIAL SECURITY**                      **DEFENDANT**

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the claimant Tony Geans seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for Social Security disability benefits and supplemental security income. The Commissioner found that Geans was not disabled, as defined by the Social Security Act, despite his severe impairments of obesity, osteoarthritis, degenerative disc disease, and pulmonary embolism. The Administrative Law Judge (ALJ) determined that Geans was unable to perform his past relevant work as a janitor or a poultry farmer. However, he concluded that work exists in the national economy that Geans could perform. Geans has filed a Motion for Summary Judgment and a Memorandum in Support. ECF Nos. 9 & 10. The Commissioner has filed a Motion to Affirm and a Memorandum in Support. ECF Nos. 13 & 14. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned recommends that Geans' Motion for Summary Judgment be granted, the Commissioner's Motion to Affirm be denied, and the case be remanded.

## I. Background

A. <u>Procedural Background</u>

Geans was 40 years old on February 20, 2016, his amended alleged onset date, and he weighed 395 pounds during 2016. He filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on July 14, 2016. Geans' last date insured for purposes of his Title II application was September 30, 2016. Geans' claims were initially denied on November 21, 2016 and upon reconsideration on December 16, 2016. Geans filed his request for a hearing before an ALJ on January 6, 2017. The ALJ heard Geans' case via video hearing on May 9, 2018. The ALJ heard testimony from Geans as well as from a vocational expert (VE). The ALJ issued a decision unfavorable to Geans on August 20, 2018. ECF No. 8 at 19-29.

B. <u>The ALJ's Findings</u>

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process. See 20 C.F.R § 404.1520. The burden of proving disability rests upon the claimant throughout the first four steps of this process, and if the claimant is successful in sustaining his burden at each of the first four steps, the burden shifts to the Commissioner at step five. *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §

404.1520(c). At step three, the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed in Appendix 1 of Subpart P to 20 C.F.R. pt. 404. 20 C.F.R. § 404.1520(d). Accordingly, if a claimant's impairments meet the requisite criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. § 404.1525.

Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and/or mental demands of his past relevant work. 20 C.F.R. § 404.1520(e). If the claimant is successful at all four of the preceding steps, the burden shifts to the Commissioner at step five to prove, considering the claimant's residual functional capacity (RFC), age, education, and past work experience, that he is capable of performing other work. 20 C.F.R. § 404.1520(g)(1). If the Commissioner proves other work that the claimant can perform exists (in significant numbers in the national economy), the claimant is given the chance to prove that he cannot, in fact, perform that work. Muse, 925 F.2d at 789.

In the instant case, the ALJ found at step one that Geans had not engaged in substantial gainful activity since February 20, 2016, the alleged onset date. ECF No. 8 at 21. At step two, the ALJ found that Geans has severe impairments of obesity, osteoarthritis, degenerative disc disease, and pulmonary embolism. *Id.* At step three, the ALJ determined that Geans did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in Appendix 1 to Subpart P of 20 C.F.R. § 404. *Id.* at 22.

Next, the ALJ determined that Geans has the RFC to perform sedentary work, except he found that Geans can:

> lift 15 pounds occasionally and 10 pounds frequently. He can walk and stand for two hours within an eight-hour day, for 15 minutes at a time. He can sit six hours, two hours at a time. The claimant can occasionally stoop and climb, but should avoid crouching, kneeling or crawling. He should further avoid climbing ladders, and avoid heights or hazardous machinery. He can push and pull less than 10 pounds with the lower extremities.

*Id.* at 22. At step four, the ALJ concluded that Geans could not return to his past relevant work as a janitor or a poultry farmer. *Id.* at 27. The ALJ moved to step five and found that there are jobs that exist in significant numbers in the national economy that Geans could perform. *Id.* The VE testified that an individual of Geans' age, education, work experience, and RFC could work as a document preparer, a sedentary, unskilled job with 100,536 jobs nationally; an order clerk, a sedentary, unskilled job with 19,102 jobs nationally; or an information clerk, a sedentary, unskilled job with 88,779 jobs nationally. *Id.* at 28.

Geans requested review of the ALJ's decision by the Appeals Council. *Id.* at 220-23. The Appeals Council denied his request for review on April 7, 2019, thereby rending the ALJ's decision the final decision of the Commissioner. *Id.* at 5-10. Having exhausted his administrative remedies, Geans commenced the present action on May 24, 2019. ECF No. 1.

## II. Standard of Review

Review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the Commissioner's findings and whether

4

the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The Court may not reweigh the evidence, try the case *de novo*, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence "preponderates" against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (quoting *Harrell*, 862 F.2d at 475).

### III. Discussion

Geans alleges two assignments of error: (1) did the ALJ properly characterize his past work on a farm as the skilled job of poultry farmer; and (2) did the ALJ establish the existence of alternative work that Geans can perform, given that he

lacks the basic educational and language requirements to perform the identified jobs and the ALJ failed to recognize and reconcile the conflict between the job requirements and the VE's testimony?

   A. <u>Past Relevant Work</u>

      Geans first argues that the ALJ failed to properly characterize his past relevant work. At the hearing, Geans testified that he worked at Pilot Travel Centers, where he pressure washed, washed and dried towels, cleaned restrooms, swept and mopped floors, and stocked coolers. ECF No. 8 at 107-08. He also worked at Forest Packing in sanitation, where he "scrubbed equipment and pressure washed the floors and all the machines and stuff" and had to empty "big yellow barrels of waste" that probably weighed at least fifty pounds. *Id.* at 109. He testified that he did not have to read and write at either job. *Id.* at 115. The VE characterized Geans' past relevant work as a janitor and a poultry farmer. *Id.* at 119. The job of poultry farmer has a specific vocational preparation level of seven, making it skilled work. However, Geans argues that his testimony concerning his job duties is inconsistent with skilled work. Instead, he argues he was employed as a laborer on a poultry farm.

      The Commissioner argues that this issue is moot, as the ALJ found that Geans could not perform any of his past relevant work and proceeded to step five. In reply, Geans argues that the issue is not moot, because in finding that he worked as a poultry farmer, the ALJ may assume Geans' duties included recordkeeping, hiring, and supervising. Therefore, he argues that the jobs listed by the VE at step

five "require language skills which the Plaintiff does not possess but which he may be presumed to possess based upon the improper characterization of his past work by the vocational witness." However, "if [Geans] harbored any doubts concerning the VE's characterization of [his] prior work, [he] was obliged to emphasize the alleged inconsistency and to press the issue upon cross-examination." Even though "an ALJ has a duty to make a sufficient inquiry into a claim, the claimant retains the burden to establish that he or she is unable to perform past relevant work." *Jackson v. Astrue*, No. 11-1948, 2013 WL 880331, at *5 (W.D. La. Jan. 2, 2013) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990)); *see also Bailey v. Comm'r of Soc. Sec.*, No. 4:19-cv-168-RP, 2020 WL 2812559, at 3 (N.D. Miss. May 29, 2020) (collecting cases). Therefore, Geans' first assignment of error is without merit.

B. Conflict with the VE's Testimony

Geans' second assignment of error is that there is a conflict between the VE's testimony—that he can perform the jobs of document preparer, order clerk, or information clerk—and the Dictionary of Occupational Titles (DOT), as he cannot obtain the requisite language level and does not have a high school diploma. The Commissioner argues that the VE identified jobs that an individual of Plaintiff's age, education, work experience, and RFC could perform, and the ALJ determined that the testimony was consistent with the Dictionary of Occupational Titles (DOT). Thereafter, Geans did not rebut the ALJ's step five finding, despite having the

7

opportunity for cross-examination. In reply, Geans argues that the ALJ failed to recognize his illiteracy and incorporate it into his RFC, as such, the hypothetical question presented to the VE was flawed.

Under SSR 00-4p, "[w]hen there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict . . . ." The ALJ also "has an affirmative responsibility to ask about any possible conflict between that VE and VS evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *2, 4 (Dec. 4, 2000). Geans argues that the conflict between his language level and lack of a high school diploma and the VE's testimony that he could perform jobs that generally require a higher language level and a high school diploma is such an apparent, unexplained conflict. Therefore, he argues it is not waived under *Carey v. Apfel*, which provides:

> claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

*Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000). Although decided before SSR 00-4p, *Carey* has not been overruled. *Ruffin v. Colvin*, No. 3:16-cv-18-DPJ-FKB, 2017 WL 536549, at *5 (S.D. Miss. Feb. 8, 2017). Therefore, the Court must determine whether the conflict was apparent or implied.

In this case, Geans argued he was disabled because he could not read. ECF No. 8 at 64-65 & 102-03. The ALJ did not discuss Geans' alleged illiteracy. *Id.* at 22-

8

27. Instead, pursuant to 20 C.F.R. § 404.1520(g), after finding that Geans could not return to his past relevant work, the ALJ considered the vocational factor of Geans' education, noting that he had a "limited education and is able to communicate in English." *Id.* at 27. Although Geans testified that he completed seventh grade, which is generally considered a limited education pursuant to 20 C.F.R. § 416.964(b)(3), no evidence contradicts Geans' assertion that he could not read or write more than his name. *See Albritton v. Sullivan*, 889 F.2d 640, 643 (5th Cir. 1989) (a claimant's years of schooling "did not represent his educational abilities in the face of uncontradicted evidence that he was functionally illiterate"); *Kimbell v. Astrue*, No. 1:07-cv-1118, 2008 WL 5210837, at *4-5 (W.D. Ark. Dec. 10, 2008) (even when a claimant's numerical grade level indicated a limited education, his testimony that he could only read and spell a little without further development required remand). Courts in this Circuit have found that an ALJ failure to "explicitly define Plaintiff's educational limitations in his hypothetical" was in error and required remand. *Lopez v. Colvin*, No. 3:14-cv-571-BH, 2015 WL 1473677, at *11 (N.D. Tex. Mar. 31, 2015).

Further, "an illiteracy finding conflicts with DOT literacy requirements." *Towner v. Berryhill*, No. 3:18-cv-459-DPJ-LRA, 2019 WL 3539817, at *6 (S.D. Miss. July 17, 2019). Because there is some uncertainty regarding *Carey's* waiver rule, this Court and others have previously held that an ALJ's failure to have the VE clarify how an illiterate claimant could perform the identified jobs warranted remand. *Compare Id.* at 8, *and Edmond v. Berryhill*, No. 3:18-cv-677-BH, 2019 WL

9

1424612, at *13-15 (N.D. Tex. Mar. 29, 2019), *with Spears v. Colvin*, No. 3:14-cv-763-TSL-RHW, 2015 WL 7307247, at *4 (S.D. Miss. Oct. 16, 2015) (no error when the ALJ specifically included illiteracy in the hypothetical). Likewise, the VE did not testify to and the ALJ did not address Geans' lack of a high school diploma and its impact on his ability to perform the listed jobs. *Cf. Thomas v. Astrue*, No. 8:10-cv-2886-T-TGW, 2012 WL 170117, at *5 (M.D. Fla. Jan. 19, 2012) (when a high school diploma was necessary or likely required, a claimant with a limited education could not preform those jobs). Given the lack of evidence showing that Geans was literate and ALJ's failure to address the language or degree requirements of the identified jobs, the undersigned recommends that this case be remanded for the Commissioner to consider Geans' illiteracy and education level and their impact on his ability to perform other work.

## IV. Recommendation

Based on the above analysis, the undersigned recommends that Geans' Motion for Summary Judgment be granted, the Commissioner's Motion to Affirm be denied, and the case remanded.

## V. Notice of the Right to Object

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the

10

> district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 8th day of June, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE